IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TONY LEE PEYTON,

    Petitioner,

v.                                            Civil Action No. **3:11CV535**

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Tony Lee Peyton, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Peyton asserts entitlement to relief upon the following grounds:

| | |
|---|---|
| Claim 1 | The prosecution used perjured testimony. |
| Claim 2 | Petitioner is actually innocent. |
| Claim 3 | Insufficient evidence existed to convict Petitioner. |
| Claim 4 | Petitioner did not receive the effective assistance of counsel:<br>(a)    Counsel failed to pursue an appeal to the Supreme Court of Virginia.<br>(b)    Counsel did not adequately represent Petitioner at trial. |

Respondent has moved to dismiss on the grounds that Peyton has failed to exhaust his available state court remedies. Peyton has responded. The matter is ripe for disposition.

## I. Pertinent Procedural History

A jury in the Circuit Court for Fauquier County ("the Circuit Court") convicted Peyton of attempted abduction with intent to defile. On June 8, 2010, the Circuit Court entered final judgment in Peyton's case, wherein it sentenced him to a five-year term of incarceration.

Peyton appealed. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in the Court of Appeals of Virginia and a motion to withdraw. On January 10, 2011, the Court of Appeals of Virginia granted counsel's motion to withdraw and denied the petition for appeal.

Peyton pursued a petition for appeal to the Supreme Court of Virginia. On May 4, 2011, the Supreme Court of Virginia dismissed Peyton's petition for appeal on the ground that he had failed to file his petition for appeal in a timely manner. On June 16, 2011, the Supreme Court of Virginia denied Peyton's petition for rehearing.

Peyton has not filed a petition for a writ of habeas corpus with Virginia courts.

## II. Exhaustion

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

2

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)).

Here, Peyton has not complied with the first aspect of exhaustion. Peyton may still present his claims to the Virginia courts by filing a petition for a writ of habeas corpus. If Peyton acts promptly, he may still file such petition with the Virginia courts.[1] Accordingly, Respondent's Motion to Dismiss (Docket No. 5) will be granted. The action will be dismissed without prejudice so that Peyton may exhaust his state court remedies. A certificate of appealability will be denied.[2]

An appropriate order will accompany this Memorandum Opinion.

Date: 4-13-12
Richmond, Virginia

<div style="border:1px solid black">

_____/s/_____

James R. Spencer
United States District Judge

</div>

---

[1] "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code 8.01-654(A)(2) (West 2012).

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Peyton is entitled to further consideration in this matter.